———◆———

No. 9048.

BIRD v. ROUTH ET AL.

ARBITRATION.—*Submission.—Award.—Cost.*—An agreement to submit to arbitration a pending cause confers authority upon the arbitrators to make an award concerning costs that have accrued in the cause though the submission is silent upon the subject.

SAME.—*Agreement.—Release of Demands.*—Parties to a pending suit made a submission to arbitrators, wherein it was agreed that the plaintiff should dismiss his suit; that " everything now in dispute between the parties" should be submitted. The award required the defendant to pay $100 to

---

Bird *v.* Routh *et al.*

---

the plaintiff, upon which the latter should execute to the former a release of all demands " existing at the time of" the submission ; also, that the defendant should pay the costs of the suit.   Upon the payment of the $100 the release required by the award was executed.

*Held,* that the question of the costs of suit was embraced in the submission, and the award thereof was valid.

*Held,* also, that the release did not embrace said award for costs.

From the Henry Circuit Court.

*M. E. Forkner,* for appellant.

*J. Brown,* for appellees.

BEST, C.—This cause originated before a justice of the peace, and, upon appeal, the issues were submitted to the court, a trial had, a finding made for the appellees, and over a motion for a new trial, because the finding was contrary to the law, final judgment was rendered against the appellant. This ruling is assigned as error.

The facts are undisputed, and are briefly these : The appellant had commenced an action against Sarah Routh in the Henry Circuit Court, and while it was pending they agreed to submit their matters of difference to arbitrators ; this was done, and the arbitrators, by their award, directed Sarah Routh to pay appellant $100 by the 25th day of December, 1879, to pay the costs of the arbitration, and to pay the costs that had theretofore accrued in the Henry Circuit Court. The appellant dismissed the suit, and Sarah Routh paid him $100 on the 18th of June, 1879, with interest thereon from the time of the award, and then took from him a release of all claims existing at the time that the agreement of submission was made.   She refused to pay the costs that had accrued in the Henry Circuit Court before the award, and thereupon the appellant paid all costs for which he was liable, amounting to $96.75, and brought this suit against her and Jont Ross, her surety, to recover such sum as he was compelled to pay. The right of appellant to recover depends upon the agreement of submission, the award and the release.   The agreement of submission was as follows : " Whereas a suit is now pending

in the Henry Circuit Court between Burtis Bird, plaintiff, and Sarah Routh, as defendant, it is hereby agreed that the said Burtis Bird shall withdraw said suit from said court, and each party is to choose one man as arbitrator, and in case these two men can not agree as to the award, they shall choose the third man as umpire, whose decision and award shall be final." After providing how the arbitrators shall proceed with the trial, and that each party shall be bound by the award, etc., the agreement proceeds: "Said arbitration and award shall include everything in dispute now between the parties. Each party hereby acknowledges themselves indebted to the other in the sum of $100 if they do not submit and abide by what the arbitrators shall say is just and right between said parties. When said award is made out by said arbitrators, whatever it may be, the said Sarah Routh agrees to pay to the said Burtis Bird said award in full against the 25th day of December next, and to secure to him by chattel mortgage to the extent of her personal property, as may be hereafter agreed upon, with interest until paid. May 8th, 1879. BURTIS BIRD.

her<br>
"SARAH X ROUTH.<br>
mark.

"I hereby acknowledge myself as surety for Sarah Routh that she abides the award of the arbitrators in the foregoing case, in the sum of $100. This, the 8th day of May, 1879.

"JONT ROSS."

The award of the arbitrators, after reciting the submission, etc., proceeds as follows: " We do order, adjudge and award: *First.* That the said Sarah Routh on or before the 25th day of December, 1879, pay the said Burtis Bird the sum of $100. *Second.* That the said Burtis Bird, upon receiving the said sum of $100, execute to the said Sarah Routh a release, under seal, of all demands, claims and damages whatsoever, both in law and equity, which existed between them at the time of the execution of said arbitration bonds; said award being made

from the damages sustained by the said Bird not receiving any of said crops of wheat. It is also awarded that the said Sarah Routh .pay the costs of this arbitration and also the costs that have heretofore accrued in the Henry Circuit Court. In witness whereof," etc. " This, the 7th day of June, 1879.

" James L. Ludlow.

" John S. Moore."

The release is as follows: " I hereby release Sarah Routh; of all demands, claims and damages whatsoever, both in law and equity, which existed between us at the time of the execution of arbitration bonds, dated May the 8th, A. D. 1879, and on the 7th day of June, A. D. 1879, the arbitrators heretofore chosen awarded to me the sum of $100, and I, having received the amount of $100, and interest accrued since said award was made, to wit, June 7th, 1879, do hereby release the said Sarah Routh, as the arbitrators of our own choosing have ordered and directed, to wit, under seal. Signed, sealed, dated and delivered this, the 18th day of June, A. D. 1879.

" Burtis Bird."

It was agreed that the arbitrators were sworn; that both parties appeared before them, and that a copy of the award was delivered to each of them.

Under these circumstances were the appellees liable to pay these costs? They insist that they were not, because the agreement of submission did not embrace them. We think otherwise. The language of the submission is: " Said arbitration and award shall include everything in dispute now between the parties." At the time this agreement was made the cause was pending in court, the costs had accrued, and the liability of the parties as between themselves to pay them depended upon the result of the suit. The costs were a mere incident of the suit, and so long as the matters involved in the suit remained in dispute the costs were necessarily in dispute. The agreement to dismiss did not operate as a dismissal of the suit, nor did it fix the liabilities of the parties for the costs. These, after the agreement, as before, were in dispute as incidental

to the matters in controversy in such suit, though the appellant agreed to withdraw the suit. We think that the phrase "all matters in dispute" embraced these costs, and that the award bound the appellees. An agreement to submit to arbitration a pending cause confers authority upon the arbitrators to make an award concerning costs that have accrued in the cause though the submission is silent upon the subject. Morse Arbitration and Award, p. 628; *Vose* v. *How*, 13 Met. 243.

The appellees also insist that this portion of the award was released by the appellant by the written release executed by him when he was paid the $100. We do not think this release will bear such construction. The arbitrators awarded the appellant $100, and directed him upon its payment to execute a release for all claims that existed between them when the agreement of submission was made. This was done. They also directed the appellee Sarah to pay accrued costs in the circuit court, and the release does not purport to release the appellee from the performance of this part of the award. The award had no existence when the agreement was made, and a release of all claims "which existed" at that time can not, by its terms, embrace a claim to a portion of the award. A fair construction of these instruments simply releases all claims existing prior to the award, and does not in any manner affect it.

The appellees also claim that as they only bound themselves in the sum of $100 to abide the award, and as that sum has been paid, this suit can not be maintained. There is nothing, in our judgment, in this position. The $100 were paid by Sarah Routh in compliance with a portion of the award, and the residue she refuses to perform. For this refusal the appellant is entitled to maintain his action against both appellees for his damages not exceeding the sum of $100. As we are of opinion that the award was in pursuance of the submission, and that the portion for costs has not been released, we think the court erred in overruling the appellant's

motion for a new trial, for which the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to grant a new trial.

Opinion filed at the May term, 1882.
Petition for a rehearing overruled at the November term, 1882.